RECEIVED
DEC 27 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MARCUS WHITE AND JOYE GREAVES-BEY | CIVIL ACTION NO. 1:14-CV-0002951 |
| -vs- | JUDGE DRELL |
| SUTHERLAND GLOBAL SERVICES | MAGISTRATE JUDGE PEREZ-MONTES |

## RULING AND ORDER

Before the Court is the motion of defendant Sutherland Global Services ("Sutherland"), for summary judgment. (Doc. 32). All responsive pleadings have since been filed (Docs. 40, 44, 50), and the matter is ready for disposition. For the following reasons, Sutherland's Motion for Summary Judgment will be **DENIED**.

I.    Background and Procedural History

This suit is brought pursuant to federal question jurisdiction by Plaintiffs Marcus White and Joye Greaves-Bey ("Plaintiff White" and "Plaintiff Greaves-Bey", collectively "Plaintiffs") against the defendant Sutherland Global Services claiming retaliatory demotion and employee discrimination based on race and national origin under 42 U.S.C. §1981. (Doc. 1, p. 1, 8).

Plaintiffs filed the instant case on October 9, 2014. (Doc. 1, p. 1). Marcus White was hired by the Sutherland on November 19, 2012 as a Team Manager. (Doc. 1, p. 2). He was soon promoted to ACE Champ in February 1, 2013 and then, only three months later, to Senior Team Manager on May 1, 2013. (Doc. 1, p. 3; Doc. 32-1, p. 1). Plaintiff Greaves-Bey was in Sutherland's New York office and was later transferred to the Alexandria office in May 2013 as a

1

Senior Team Manager. (Doc. 1, p. 5; Doc. 32-1, p. 2). Prior to moving to Alexandria, Plaintiff Greaves-Bey received several promotions in the New York office. (Doc. 1, p. 5). Around this time in May 2013, Thomas Snow ("Snow") and David Briney ("Briney"), the new Senior Site Director and Account Manager, respectively, began work at Sutherland's Alexandria office. (Doc. 1, p. 3; Doc. 32-1, p. 5). Plaintiffs claim that Snow would yell and berate both of them in front of other employees, ostensibly with hopes of improving performance in the Alexandria office. (Doc. 1, p. 3, 6; Doc. 32-1, p. 5). When office performance did not improve, Plaintiffs were demoted to the Team Manager position on September 10, 2013, both believing it was because of their race. (Doc. 1, p. 4, 6; Doc. 32-1, p. 7). When Plaintiff White requested a reason for the demotion, he was given a no "business justification" excuse and a variety of reasons which are argued to be inconsistent. (Doc. 1, p. 4; Doc. 32-1, p. 7). Plaintiff White then filed a complaint with the Sutherland's Human Resources department on October 10, 2013 regarding Snow's behavior, but no action was taken. (Doc. 1, p. 4). On November 5, 2013, Plaintiff White filed a complaint about Snow, Briney, and Sutherland with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 1, p. 4). Plaintiff Greaves-Bey filed a complaint with the EEOC on November 13, 2013 (Doc. 44, p. 29). On November 7, 2013, Plaintiff White left the office for alleged job-related stress caused by the discriminatory environment at his workplace. (Doc. 1, p. 5) He returned on November 14, 2013 and was subsequently terminated. (Doc. 1, p. 5; Doc. 32-1, p. 10). Plaintiff Greaves-Bey is still employed with Sutherland and has been relocated to the Syracuse, New York office. (Doc. 37-1, p. 16).

## II. Law and Analysis

### A. Summary Judgment Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the non-movant bears the burden of proof at trial, the movant need not disprove every element of the non-movant's case; rather, the movant can satisfy his burden by pointing to the absence of evidence to support the non-movant's case. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Further, we consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011) (internal quotations omitted). In this analysis, we review facts and draw all inferences most favorable to the nonmovant, "[h]owever, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

A motion for summary judgment can be supported by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions [and] interrogatory answers." FRCP Rule 56(c)(1)(a). Affidavits and declarations "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FRCP Rule 56(c)(4).

When reviewing the evidence submitted, the court reviews facts and evidence "in the light most favorable to the party resisting the motion" Seacor, 635 F.3d at 680. In response to

Sutherland's motion, Plaintiffs submitted numerous examples of inadmissible hearsay which they argue shows Snow's racial animus via overheard and third hand statements attributed to him. For example, Plaintiff White stated he was told by co-employees Amanda Johnson and David Robinson that Snow said "the company [Sutherland] was over-staffed with African-American managers, and the company did not need them." (Doc. 44, p. 1). Statements such as these are inadmissible for the purposes of this motion because they are hearsay under Rule 801(c) of the Federal Rules of Evidence and not subject to any hearsay exception. Furthermore, the Fifth Circuit says that while district courts can consider un-objected to hearsay for "such probative value as it may have," the court is not required to do so. Bellard v. Gautreaux, 675 F.3d 454, 461 (5th Cir. 2012). In this case, the Court deems the hearsay inadmissible for the purposes of this motion, and therefore Plaintiffs cannot rely on this evidence.

In turn, Sutherland also relies on similar circumstantial non-admissible evidence, beginning with the Declaration of Rene Lafferty ("Lafferty"). (Doc. 32-2). While the Court recognizes that this is similar to an affidavit and would be admissible under 28 U.S.C. §1746, we question whether Lafferty does have personal knowledge of the facts involved as there is no indication that Lafferty was ever in the Sutherland's Alexandria office and the affidavit indicates he signed it in Mandan, North Dakota. (Doc. 32-2, p. 8). This "Declaration" contains further examples of inadmissible hearsay unsupported by documentation and these statements do not clearly convince the Court that there are no genuine issues of material fact in Plaintiff's claim. Apart from this evidence, submitted by both parties, which we decline to consider based on rules of evidence, the court does not find that Sutherland has borne its burden of proof as to Plaintiff's claims.

**Conclusion**

For the foregoing reasons, Sutherland's Motion for Summary Judgment will be **DENIED**. Furthermore, the parties are ordered to take this case to pre-trial mediation via the selection of a private mediator. The parties, including a representative of Sutherland with the authority to settle, shall attend the mediation. Such mediation is to be conducted in an attempt to settle this case.

**SIGNED** on this 27TH day of December, 2016 at Alexandria, Louisiana.

                                          DEE D. DRELL, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT